SCOTT, Appellant, vs. THE BOARD OF SCHOOL DIRECTORS OF THE TOWN OF ARMSTRONG and another, Respondents.

*April 26 — May 16, 1899.*

(1) *Appealable order.* (2, 3) *School districts: Order in anticipation of revenues: Borrowing money.*

1. An order sustaining a demurrer is appealable, although it also contains an order denying a motion to strike out the demurrer as frivolous.

2. School orders, which by an indorsement on the back are made payable one year after date, are orders to pay out of funds which necessarily cannot be in the treasurer's hands until after the next tax levy, and in anticipation of the revenues of the school district for the ensuing year, and as such are prohibited by the statute.

3. Where the orders in such a case were issued in terms in payment for material and labor, they cannot be held valid as an exercise of the power to borrow money.

APPEAL from an order of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

Appeal from an order sustaining a demurrer to a complaint, which is based upon two school orders, the material part of which consists of an allegation that the school district, by its director and clerk, made and delivered to the plaintiff a school order in the following words:

"575.86.    Town of Armstrong, Oconto County, Wis.,
                                                    "April 23rd, 1892.
" *To Ann Statler, Treasurer of School District No. 3:*

"Please pay to H. C. Scott or order the sum of five hundred and seventy-five dollars and eighty-five cts., out of any money in your hands not otherwise appropriated, belonging to the school fund of said town for school-house lumber.

"No. 5.                               B. STATLER, Director.
                                "S. STATLER, Clerk."

The complaint alleged that "said order, so delivered to the plaintiff as aforesaid, was made payable one year after date thereof, with interest thereon at the rate of eight per cent. per annum, by indorsement duly made upon the back of said order by the said officers of said district executing said order as aforesaid, to wit, 'Payable one year from date, at eight per cent. interest.' That B. Statler, as school-district director, and S. Statler, as school-district clerk, were duly authorized, empowered, and instructed by the school-district board of the defendant *School District No. 3*, as well as by said defendant *School District No. 3*, to make and deliver to the plaintiff the school-district order herein set out,

Scott vs. Board of School Directors of Armstrong and another.

and said order was so made and delivered as aforesaid, pursuant thereto." The other order was for $100, and similar, except that it declared itself to be "for labor drawing lumber for school house," and was set forth with like allegations. The complaint further alleged nonpayment at maturity, and prayed recovery for the amount of the two orders, with interest from their date.

Upon hearing of motion to strike out demurrer as frivolous, the court entered order as follows: "Ordered, that said motion be, and the same is hereby, denied, and that the demurrer to said complaint be, and is hereby, sustained, and that the defendant have judgment thereon, but with leave to the plaintiff to amend his complaint within twenty days on payment of $10.00 costs to the defendant."

The appeal is from the order "sustaining defendants' demurrer to plaintiff's complaint, and from the whole and every part thereof."

It is objected that the order is not appealable; and, secondly, that it is not erroneous.

The cause was submitted for the appellant on the briefs of *Goodrick & Goodrick.* They contended, *inter alia*, that the school board had power to issue the school orders. Secs. 474, 475, R. S. 1878; *Druse v. Horter,* 57 Wis. 647; *Merrill v. Monticello,* 138 U. S. 673; *Fatout v. Sch. Comm'rs of Indianapolis,* 102 Ind. 223; *Brown v. Jacobs,* 77 Wis. 29; *Marvin v. Jacobs,* 77 Wis. 31; *Bigelow v. Washburn,* 98 Wis. 553. If the school district had no power to make the indorsement on the back of the order, then said indorsement was *ultra vires* and did not affect the validity of the order itself as it read on its face. *Nickerson v. Swett,* 135 Mass. 514; Randolph, Commercial Paper, § 190; *Way v. Batchelder,* 129 Mass. 361.

*A. Reinhart,* for the respondents.

DODGE, J. 1. The order in question is clearly appealable. The right of appeal from an order is absolutely statutory.

Sec. 3069, Stats. 1898, in express terms authorizes an appeal from an order which sustains a demurrer. There is neither ambiguity nor room for construction in applying that statute to this order, which in terms does sustain the demurrer. It is wholly unnecessary to review what has been said by this court with reference to the effect of ch. 212, Laws of 1895, in taking away the formerly existing right of appeal from an order simply granting or denying a motion to strike out a demurrer as frivolous. Such authorities, cited by respondents, have no application to the present case, where, while the order does deny the motion to strike out a demurrer as frivolous, it also in terms sustains the demurrer, and thus comes within the provisions of statute authorizing appeals.

2. The so-called school orders in question are as distinctly obnoxious to the rule laid down in *Kane v. School Dist.* 52 Wis. 502, as the documents there considered. The fact that a part of the terms of an order is, by the same authority which authorizes its issue, written upon the back of it, instead of above the signatures, is a distinction without a difference. The indorsement making these orders payable one year after they were issued was an essential part of the instruments, when they gained original existence by issue and delivery. It is futile to say that there is a presumption in favor of the authority to issue the orders in terms payable presently, and that the illegal indorsement may be disregarded; for, by the very allegations of the complaint, it appears that that authority was limited to issuing them, with the further condition indorsed that they should not be payable until a year later. These are attempted orders upon the treasurer to pay out of funds which necessarily cannot be in his hands until after the next tax levy. They are an anticipation of the revenues of the district for the ensuing year, and, as such, are strictly prohibited by the purpose of the statute, as defined in *Kane v. School Dist.*

Counsel for appellant argue that the district has power to borrow money, and these orders should, by application of the maxim, *omnia rite acta*, be construed as an exercise of that power, and should raise a presumption that the necessary steps had been taken. Without at all conceding that a promise to pay money by a school district would raise a presumption that it had complied with the steps necessary to authorize it to borrow money, it is sufficient to point out that these orders upon their face exclude the assumption that they are issued in attempted exercise of that power. The one is in terms issued in payment for school-house lumber, and the other for hauling such lumber. They clearly evidence an attempt to purchase lumber and employ labor on credit, which is a very different thing from borrowing money. If plaintiff has a cause of action for lumber delivered or for work done, he has stated none of the facts necessary to support it.

The demurrer was properly sustained.

*By the Court.*— Order sustaining demurrer affirmed.